**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 4, 2021[*]
Decided August 5, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1197

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:10CR10-PPS |
| SCOTT ADKINS, *Defendant-Appellant*. | Philip P. Simon, *Judge*. |

**O R D E R**

Scott Adkins, a federal inmate, appeals the denial of his second motion for compassionate release based on his heightened risk of severe illness or complications from COVID-19, were he to contract it. The district court denied the motion because Adkins had not shown extraordinary and compelling reasons for release and because

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the sentencing factors weighed against it. Because the district judge appropriately exercised his discretion, we affirm.

Adkins is serving a 222-month sentence at the Federal Medical Center in Rochester, Minnesota, for his convictions for possessing 100 grams or more of heroin with intent to distribute, possessing a firearm as a felon, and receiving child pornography. He has a projected release date in early 2025.

Adkins first moved for compassionate release in May 2020, with the assistance of appointed counsel, based on the COVID-19 pandemic and his health problems. *See* 18 U.S.C. § 3582(c)(1)(A)(i). He asserted that, as a 51-year-old man with asthma, allergies, high cholesterol, and "other ailments," he faced a heightened risk of serious complications from the virus. The judge denied relief because Adkins's health conditions were well-controlled, and he was in a medical facility with no active cases. The judge also noted that Adkins could file a new motion if circumstances changed. Adkins appealed but voluntarily dismissed his case. *See* FED. R. APP. P. 42(b).

Adkins then filed a second, pro se, compassionate-release motion in November 2020. He requested release based on new "factual developments" and attached several notices to inmates about the increasing number of confirmed COVID-19 cases at his facility. The most recent notice, from October 23, 2020, reported a total of 99 inmate cases with 36 still active. Adkins also resubmitted the medical records that supported his first motion. In response, the government acknowledged the increased infection rates at the Rochester facility but added that, as of November 2020, numbers had stabilized with only three active inmate cases. In his reply, Adkins provided further details about what he described as the prison's negligent efforts to contain the spread of COVID-19. He added that he had served most of his sentence, and his release would not endanger the public because he had a 15-year term of supervised release still to serve.

The district judge again denied relief, finding that Adkins's new assertions about increasing infection rates did not establish an extraordinary and compelling reason for his release. The judge acknowledged that prisons face difficulties in managing the pandemic, and that, as of January 2021, conditions had again worsened at the Rochester facility—with 65 active inmate cases at that time, and the number of recovered inmates up from 101 to 285. Nonetheless, the judge concluded that the anecdotal assertions in Adkins's reply brief did not establish that the prison's handling of the pandemic was "unreasonably poor or expose[d] Adkins to extraordinary risk." The judge then recognized that asthma "might" increase Adkins's risk, but again found that the condition was well-controlled and that Adkins had ready access to medical care. The

judge also cited Adkins's substantial criminal history and the significant time remaining on his sentence before concluding that a 20% sentence reduction would undermine the sentencing goals of just punishment, deterrence, and protecting the public and would not reflect the seriousness of his offenses or promote respect for the law.

Adkins now appeals, arguing that the judge did not adequately consider the exponential increase in prisoner infections between his first and second motions, the "dire risk" of contracting COVID-19 caused by the prison's poor handling of the pandemic, or his serious health conditions besides asthma.

The judge did not abuse his discretion in denying relief. *See United States v. Saunders*, 986 F.3d 1076, 1077–78 (7th Cir. 2021). Whatever the state of the pandemic at the time Adkins filed his motion, conditions throughout the Bureau of Prisons have since changed in a crucial way: Effective vaccines are widely available, and the Bureau offers vaccination to its prisoners. *See United States v. Broadfield*, No. 20-2906, ___ F.4th ___, 2021 WL 3076863 (7th Cir. July 21, 2021). The government represents—and Adkins has not denied—that Adkins has been fully vaccinated since April 6, 2021. It was up to Adkins to explain why this does not sufficiently address his concerns about his susceptibility to COVID-19. And Adkins has never suggested that his health conditions justify release apart from the threat of serious complications should he contract the virus. *See id.*

Because Adkins lacks an extraordinary and compelling reason for a sentence reduction, it was unnecessary for the district judge to consider the factors under 18 U.S.C. § 3553(a). *United States v. Thacker*, No. 20-2943, ___ F.4th ___, 2021 WL 2979530, at *6 (7th Cir. July 15, 2021). Nonetheless, for completeness, we also conclude that the judge reasonably weighed those sentencing factors. Although Adkins insists that the judge should have given more weight to his good post-sentencing conduct, the judge need not analyze every factor, so long as he provided at least "one reason adequate to support the judgment." *United States v. Ugbah*, No. 20-3073, ___ F.4th ___, 2021 WL 3077134, at *2 (7th Cir. July 21, 2021). The judge did so here in concluding that, in light of Adkins's substantial criminal record and his active role in serious offenses, reducing his sentence by more than 20% would undermine the goals of sentencing under § 3553(a).

AFFIRMED